IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| HYTERA US, INC., | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) Case No.: 1:24-cv-01574 ) |
| CONOR HEALY, | ) ) |
| WILLIAM HOWARD-WADDINGHAM, | ) ) |
| JOHN HONOVICH, | ) ) |
| and | ) ) |
| IPVM INC., | ) ) |
| *Defendants*. | ) |

## COMPLAINT

Plaintiff Hytera US, Inc. files this Complaint against Conor Healy, William Howard-Waddingham, John Honovich, and IPVM Inc., for defamation. In support thereof, Plaintiff states as follows:

## PARTIES

1. Plaintiff Hytera US, Inc. ("Hytera-US") is a corporation formed in Delaware and presently headquartered in California. Hytera-US distributes communications products produced by Hytera Communications Corporation Ltd. ("HCC"), a publicly traded manufacturer of radio receivers and radio systems headquartered in China. Hytera-US is registered to do business in Virginia and distributes its communications equipment to Virginia customers.

1

2.  Defendant Conor Healy ("Healy") is a journalist employed by IPVM Inc. ("IPVM"). Mr. Healy is a resident of Pennsylvania. At all times relevant herein, Healy acted in the course and scope of his employment with IPVM in taking the acts alleged.

3.  Defendant William Howard-Waddingham ("Waddingham") is a journalist employed by IPVM. On information and belief, Mr. Waddingham is a resident of Virginia. At all times relevant herein, Healy acted in the course and scope of his employment with IPVM in taking the acts alleged.

4.  Defendant John Honovich ("Honovich") is the founder of IPVM. Honovich is the business leader who has final control over the content of the publications of IPVM. On information and belief, Honovich is a resident of Pennsylvania. At all times relevant herein, Honovich acted in the course and scope of his employment with IPVM in taking the acts alleged.

5.  Defendant IPVM is a for-profit corporation formed in Hawaii and headquartered at 3713 Linden Street, Suite B, Bethlehem, Pennsylvania 18020. IPVM is a security and surveillance industry research group and trade publication. IPVM generates revenue through the sale of subscription-based memberships to readers located in the United States, including readers in Virginia. IPVM maintains a website (www.ipvm.com) for its subscribers and publishes content regarding the security and surveillance industry on its site. Although some publications are visible to non-subscribers, other publications are often hidden behind a "paywall", which requires readers to subscribe to read the full text. IPVM's website permits comments from readers, including the ability to reply and/or react to comments left by others.

## JURISDICTION AND VENUE

6.  This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because diversity of citizenship exists and the amount in controversy exceeds $75,000, exclusive

of interest and costs. Hytera-US is a citizen of Delaware and California. IPVM is a citizen of Hawaii and Pennsylvania. Healy and Honovich are citizens of Pennsylvania. On information and belief, Waddingham is a citizen of Virginia.

7. This Court has specific personal jurisdiction over IPVM, Healy, Waddingham, and Honovich under Virginia's long-arm statute, Va. Code § 8.01-328.1, which is coextensive with the Due Process Clause of the United States Constitution. The Court's specific personal jurisdiction over the Defendants exists because the causes of action in this Complaint arise from the Defendants transacting business in this Commonwealth, contracting to supply services or things in this Commonwealth, causing a tortious injury by an act or omission in this Commonwealth. IPVM contracted with Virginia residents to supply the results of its news aggregation and newswriting services to Virginia residents. IPVM also published its defamatory news articles via Amazon Web Services (AWS) servers at a datacenter which is physically located in Dulles, Virginia. The GSX Article was directed at a Virginia readership and damage caused by the defamation occurred in the Commonwealth of Virginia.

8. Venue lies in the Eastern District of Virginia under 28 U.S.C. § 1391(b)(2) or, alternatively, 28 U.S.C. § 1391(b)(3). A substantial part of the events giving rise to Plaintiff's claim occurred in this jurisdiction when Defendants published defamatory news articles to, among others, Virginia residents, using AWS internet servers located in Dulles, Virginia. Defendants affirmatively transmitted the defamatory publication from Bethlehem, Pennsylvania to Dulles, Virginia, in the act of publishing the defamatory statements via www.ipvm.com.

## FACTS

9. IPVM is responsible for the news content it publishes on www.ipvm.com. On or around September 7, 2023, IPVM published a news article entitled, "ASIS GSX Hosts Criminally Charged, National Security Threat Hytera" (the "GSX Article"). A copy of the GSX Article is attached as **Exhibit A**. IPVM's two journalists, Conor Healy and William Howard-Waddingham, wrote the article in the lead-up to GSX 2023, an annual security industry tradeshow. For 2023, the GSX trade show was held in Dallas, Texas, from September 11-13.

10. The purpose of the GSX Article was to discredit Hytera-US by falsely portraying the company as having been charged criminally and deemed a national security threat by the United States government. Five days after publishing the GSX Article, Healy harassed employees of Hytera-US at the tradeshow while they were working at the Hytera-US booth. Over the next six months, Hytera-US received notice that the GSX Article was being republished and even expanded upon by the sales staff of its industry competitors. Specifically, these sales professionals were attempting to scare Hytera-US's customers into switching to their inferior telecommunications products by referring to IPVM's false and defamatory statement in the GSX Article which falsely alleged that Hytera-US's products were banned for use or sale in the United States. IPVM's refusal to retract or remove the defamatory statements in the GSX Article provided tacit cover for these irresponsible and anti-competitive republications of the original lies written by Healy and Waddingham.

### The GSX Article

11. The following statements and accompanying illustrations in the GSX Article are false and defamatory Hytera-US.:

   a. ASIS GSX Hosts Criminally Charged, National Security Threat Hytera.

b. ASIS' GSX conference, billed for "security leaders," is having a keynote from former President George W. Bush, while hosting a booth for Hytera, a PRC China company criminally charged by the DoJ and declared a national security threat by the FCC.

c. In this note, we examine Hytera exhibiting at the GSX 2023 show, Hytera's criminal history, and the US government's concerns about the company.

d. In February 2022, the US Department of Justice unsealed a 21-count criminal grand jury indictment against Hytera – which primarily manufactures radio equipment – and ex-Motorola employees over a scheme to steal intellectual property and deliver it to Hytera.

e. The indictment cites emails between Hytera and its alleged co-conspirators stating they are "grabbing whatever we can" in order to "reuse as much as possible from the existing Motorola product." Hytera then hired these ex-Motorola employees at high levels of pay and benefits, one of whom said in an email "some of our lies may cause problems once Motorola finds out." While the criminal case is ongoing, Motorola already won a $630+ million USD judgment against Hytera in civil court for this theft.

f. While GSX features numerous government and corporate attendees providing solutions for public safety, critical infrastructure, and national security, Hytera is banned from selling new products for use in any of these settings.

g. In March 2021, the US Federal Communications Commission (FCC) placed Hytera on a list of companies "deemed a threat to national security". The FCC

       later announced a plan to ban import and marketing authorizations for Hytera equipment due to national security concerns.

    h. The FCC proceeded in November 2022 to ban future equipment authorizations for Hytera, meaning no new Hytera products may be brought into the United States.

    i. Hytera is also subject to the NDAA ban, meaning it cannot be purchased by the federal government, or used by federal contractors.

    j. In 2021, Hytera lied to the FCC saying it "has no ties to the Chinese Communist Party," while only days later disclosing a PRC state investment firm would purchase 10% of the company.

    k. On the 100th anniversary of the CCP's founding July 2021, Hytera held an event celebrating the milestone:

[1]

---

[1] On information and belief, IPVM added the red outline shape in the picture in Adobe Acrobat in furtherance of its preconceived narrative that Hytera US, Inc. had held an event celebrating the 100th anniversary of the founding of the CCP.

    l. By hosting Hytera, GSX is bringing a criminally charged organization deemed a national security threat into an event focused on and attended by law enforcement and national security professionals. This is like hosting coal miners at a green energy conference.

    m. Hytera's products are also banned for many GSX attendees, including any businesses that contract with the federal government per the NDAA ban, and all businesses in public safety for new Hytera products. Hytera's attendance thus raises the additional concern that GSX could be a venue for illegal sales to take place with unwitting buyers.

12. The statements contained in the preceding paragraph are either false or imply a false statement of fact. Hytera-US has never been criminally charged by the Department of Justice or any other federal agency. The FCC has never declared Hytera-US to be a national security threat. Hytera-US has no criminal history. Hytera-US has never been indicted, nor did Hytera-US hire ex-Motorola employees who had lied or been caught making inculpatory statements by email. Motorola has never won a judgment of any magnitude against Hytera-US. Hytera-US's products are not banned for use by federal agencies or federal contractors. Hytera-US has never lied to the FCC about affiliation with the People's Republic of China (PRC), nor does Hytera-US have such an affiliation. Hytera-US never held an event celebrating the 100th anniversary of the founding of the PRC, nor are the employees pictured affiliated with Hytera-US in any way. None of Hytera-US's products were banned for use by any GSX attendee as of September 7, 2023. It would not be illegal for any attendee to purchase Hytera-US's products.

13. The statements are also of and concerning Hytera-US. The GSX Article identifies the company by full entity name and highlights its booth location at GSX 2023:

7



²

### The GSX Report

14.     On September 12, 2023, IPVM published the "ASIS GSX 2023 Final Report" (the "GSX Report"). A copy of the GSX Report is attached as **Exhibit B**. The GSX Report is attributed to the "IPVM Team". In relation to Hytera-US, the GSX Report reads:

> **Hytera**
>
> Hytera's booth has several signs emphasizing "USA" but does not mention China. The representative at the booth did acknowledge Hytera's PRC China affiliation when IPVM requested but added that IPVM is the first visitor asking about NDAA / criminal charges. For more, read ASIS GSX Hosts Criminally Charged, National Security Threat Hytera

15.     Hytera-US did appear at GSX 2023 and did decorate its booth with signs containing, among other things, the acronym "USA". The statement, "The representative at the booth did acknowledge Hytera's PRC China affiliation when IPVM requested but added that IPVM is the first visitor asking about NDAA / criminal charges", is false and defamatory of Hytera-US. No Hytera-US representative acknowledged that Hytera-US had an affiliation with the PRC. IPVM falsely attributed this false statement to a Hytera-US employee in furtherance of

---

² The map accurately reflects the location of Hytera's GSX booth from September 11-13, 2023.

its preconceived narrative, which was summarized by the hyperlink related in the next sentence of the quotation. Hytera-US was neither criminally charged nor deemed a national security threat.

16.  The false and defamatory statement is of and concerning Hytera-US. The company is identified by the shortened version of its entity name. In addition, the included description of the trade show booth accurately described the booth prepared and staffed by employees of Hytera-US during GSX 2023.

## **The GSX Comment**

17.  On September 19, 2023, approximately one week after the close of GSX 2023, John Honovich made a comment on the GSX Article (the "GSX Comment").[3]

> **John Honovich** • Sep 19, 2023
> IPVM
>
> Update:
>
> Hytera's booth had several signs emphasizing "USA" but does not mention China. The representative at the booth did acknowledge Hytera's PRC China affiliation when IPVM requested but added that IPVM is the first visitor asking about NDAA / criminal charges.

18.  The statement, "The representative at the booth did acknowledge Hytera's PRC China affiliation when IPVM requested but added that IPVM is the first visitor asking about NDAA / criminal charges", is false and defamatory of Hytera-US. No Hytera-US representative acknowledged that Hytera-US had an affiliation with the PRC. IPVM falsely attributed this false statement to a Hytera-US employee in furtherance of its false, preconceived narrative intended to smear the reputation of Hytera.

---

[3] Ex. A, at 10-11.

19. The false and defamatory statement is of and concerning Hytera-US. The company is identified by the shortened version of its entity name. Honovich's description of the trade show booth accurately described the booth prepared and staffed by employees of Hytera-US during GSX 2023. For the avoidance of doubt, Honovich included a photograph of the Hytera-US booth from GSX 2023:



**The ISC Article**

20. From September 2023 until March 2024, Defendants republished and took affirmative acts to drive traffic to the GSX Article, the GSX Report, and the GSX Comment, primarily through internal hyperlinking and the pursuit of backlinking from other writers and publications who publish in the security space. Defendants republished the defamatory material

regarding the GSX event despite repeated requests from Plaintiff's counsel for IPVM to remove, retract, or otherwise clarify the defamatory material.

21. The largest North American security tradeshow is ISC West, which was held in Las Vegas, Nevada from April 9-11, 2024. On information and belief, IPVM's web traffic, page views, and readership tends to spike around the time of trade events like GSX and ISC West. Based on IPVM's failure to fact-check or even acknowledge the possibility of an error in its reporting on Hytera-US's attendance at GSX, Plaintiff was reasonably concerned that another defamatory publication would be published about Hytera-US's attendance at ISC West.

22. On March 27, 2024, IPVM, through its employee, Conor Healy, doubled down on the company's previous false and defamatory claims regarding Hytera-US. Using AWS servers in Virginia to transmit the digital communication, IPVM published an email newsletter to thousands of its paying and non-paying subscribers which repeated the false and defamatory claims from the GSX Report.

23. The headline "Criminally indicted / NDAA Banned Hytera Should Not Exhibit at ISC West" was consistent with the defamatory statements initially published by IPVM and its employees in the period immediately prior to and following the GSX show in September 2023. The defamatory headline in the IPVM newsletter hyperlinked to a news article published on www.ipvm.com (the "ISC Article") on March 27, 2024. The ISC Article mistakenly conflated Hytera US, Inc., a distribution arm for non-banned, telecommunications products offered for legal sale in the United States, and Hytera Communications Company, the Chinese electronics conglomerate with products that had faced scrutiny from certain U.S. regulatory bodies and agencies. On March 29, 2024, IPVM republished the ISC Article in a second email newsletter

11

titled "News: Mercury EOL, Flock Sued, MIFARE Stop". A copy of the ISC Article published on March 27, 2024, and March 29, 2024, is attached as **Exhibit C**.

24. The following headline, statements, and accompanying illustrations in the ISC Article are false and defamatory of Hytera-US:

    a. Criminally Indicted / NDAA Banned Hytera Should Not Exhibit at ISC West.

    b. While Dahua and Hikvision are barred from ISC West, fellow PRC China manufacturer Hytera has a large central booth at ISC West 2024. Like Dahua and Hikvision, Hytera is NDAA banned but unlike its two peers, Hytera has been criminally indicted by the US DoJ over a "conspiracy to commit theft of trade secrets" from Motorola.

    c. Hytera fakes being a US organization, with the company's ISC West exhibitor listing emphasizing "US," with no mention of China nor the bans imposed on Hytera:



        d.    But as RX and SIA have already demonstrated, those who violate ethics and are criminally indicted should not be promoted and endorsed by ISC.

    25.    The statements contained in the preceding paragraph are either false or imply a false statement of fact. Hytera-US has never been criminally indicted, nor have its products been banned under the NDAA. Hytera-US has not been criminally indicted over a conspiracy to commit theft of trade secrets from Motorola. Hytera-US has never "faked" being a US organization; IPVM's claims that Hytera-US is a shill company owned by the PRC are false and easily disproven by reference to publicly available corporate filings in California and other states.

    26.    The statements are also of and concerning Hytera-US. The ISC Article identifies Hytera-US by a shortened version of its entity name, excluding the "US, Inc." language. HCC

did not send any employees or agents to ISC West 2024 and did not reserve a booth at the show. The ISC Article also includes three illustrations which identify Plaintiff by full name: Hytera US, Inc.:







27. Based on IPVM's false and defamatory reporting over the preceding seven months and Healy's harassment of Hytera-US's employees at the previous GSX event, Hytera-US's counsel contacted IPVM approximately one week in advance of ISC West to request that all IPVM employees comply with the anti-harassment policies governing attendees and to advise of the false and defamatory statements made by IPVM about Hytera-US. No Defendant has removed or retracted any false statement previously made about Hytera-US despite actual knowledge of their falsity since at least April 2024.

**Defendants' Conduct in Publishing the Defamatory Statements**

28. All Defendants failed to reasonably investigate the defamatory statements of and concerning Hytera-US. The statements were made without the benefit of research and were completely divorced from easily accessible, public records concerning Hytera-US. No defendant contacted Hytera-US to determine whether the statements to be published were true or false. The Defendants were uninterested in confirming the accuracy of the false claims published about Hytera-US.

29. Defendants' defamatory statements about Hytera-US supported a preconceived narrative driven by IPVM's culture and the influence of its founder, Honovich. No Defendant ever possessed credible evidence that Hytera-US committed any of the acts of which IPVM accused the company across the three publications concerning GSX made on September 7, 12,

15

and 19, 2023. No Defendant ever possessed credible evidence that its statements about Hytera in the ISC Article were true when they were made on March 27 and 29, 2024. All Defendants received information tending to show that the statements made on September 7, 12, 19, 2023, and March 27 and 29, 2024, were false, and no Defendant removed or retracted any of the false and defamatory statements made on those dates in the months since receiving information which should have caused them to question the accuracy of their reporting.

## COUNT I - Defamation

30. All previous paragraphs are re-alleged and incorporated herein by reference.

31. The statements made by Defendants are statements of and concerning Hytera-US., are defamatory *per se*, and were made negligently and/or with actual malice.

32. Plaintiff Hytera US, Inc. is a private figure and was so at the time of the publication of the defamatory statements.

33. Defendants either knew the statements they published regarding Plaintiff Hytera-US were false, or, believing them to be true, lacked reasonable grounds for such belief and/or acted negligently and/or recklessly in failing to ascertain the facts on which their statements relied, and therefore were negligent and/or reckless in publishing those statements of and concerning Plaintiff Hytera-US.

34. Defendants published the false and defamatory statements of and concerning Plaintiff Hytera-US either negligently or knowing of their falsehood or probable falsehood. The defamatory and false statements set forth in the preceding paragraphs of this Complaint created and made apparent to Defendants a substantial danger to Plaintiff Hytera-US's reputation.

35. As a direct result of Defendants' defamation, malice, negligence, and other tortious conduct alleged in this Complaint, Plaintiff Hytera-US has been caused to suffer actual

damages, including but not limited to, impairment of reputation, diminished standing in the community, humiliation, injury and embarrassment, business harm, lost profits, loss and impairment to contracts, loss of business opportunities and expectancies, and has been otherwise damaged.

36. Plaintiff Hytera-US is entitled to presumed damages because the false and defamatory statements made by Defendants have prejudiced and injured and will prejudice and injure the Plaintiff Hytera-US in its profession or trade.

37. Plaintiff Hytera-US seeks punitive damages to punish and otherwise deter Defendants' willful and malicious conduct and actions to damage Plaintiff Hytera-US's reputation.

**PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff, Hytera US, Inc., moves this Court for entry of judgment against Conor Healy, William Howard-Waddingham, John Honovich, and IPVM Inc., jointly and severally, in the sum of FIVE MILLION DOLLARS ($5,000,000.00) for compensatory damages, plus prejudgment interest thereon from the date of publication in each case pursuant to Virginia Code Ann. §8.01-382 (1950, as amended). Plaintiff also moves for entry of an award of punitive damages of THREE HUNDRED AND FIFTY THOUSAND DOLLARS ($350,000.00) against the Defendants.

**TRIAL BY JURY IS DEMANDED.**

                                        **Respectfully submitted,**

                                        **HYTERA US, INC.**

                                        *By Counsel*

<u>/s/ Evan D. Mayo</u>
Evan D. Mayo (VSB No. 89383)
Daniel R. O. Long (VSB No. 95873)
Mayo Law Group PLLC
425 Locust Ave, Suite 201
Charlottesville, VA 22902
Telephone:     434.951.2222
Facsimile:      434.951.0666
evan@mayolawgroup.com
daniel@mayolawgroup.com


Marjorie K. Conner (VSB No. 47599)
Law Offices of Marjorie K. Conner, Esq.
3902 Keller Avenue
Alexandria, Virginia 22302
Telephone:     703.626.6980
mkconner@mkconnerlaw.com

*Counsel for Plaintiff*
